**Rhand Ibrahim DAWWOD; Majed Matty Sleman; Ronnie Matty Sleman, Petitioners,**

**v.**

cation and is not precedent except as provid-

Michael B. MUKASEY,* Attorney
General, Respondent.

No. 04–76209.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2007.

Submission vacated Oct. 19, 2007.

Submitted Dec. 14, 2007.

Filed Jan. 2, 2008.

Aziz Asmar, Garmo & Garmo, El Cajon, CA, for Petitioners.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office Of The District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Rhand Ibrahim Dawwod, her husband, and their child (Petitioners), natives and citizens of Iraq, seek review of an Immigration Judge's (IJ) denial, summarily affirmed by the Board of Immigration Appeals (BIA), of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Dawwod and her husband are Chaldean Christians who lived in Iraq prior to arriving in the United States. They both testified that in Iraq they suffered multiple incidents of abuse at the hands of Ba'ath

ed by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Party officials and "Islamic extremists." The IJ found their testimony was "credible and consistent," and implicitly accepted that they had satisfied their burden of establishing past persecution.

The burden thus shifted to the government to establish a change in circumstances in Iraq such that Petitioners would no longer have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(ii). The IJ, however, appears to have placed the burden on Petitioners to establish that their presumption was not rebutted by the fall of Saddam Hussein and the Ba'ath Party:

> [F]inding the respondents credible does not end the Court's inquiry in this case.... [I]n light of the recent fall of Saddam Hussein's regime, the Court believes that the *respondents cannot establish* a well-founded fear of future persecution upon their return to Iraq, due to changed country conditions. *See* 8 C.F.R. § 208.13(b)(1)(i)(A). The security forces that detained the respondent and her husband are no longer in control of the country, nor is the B'ath party that apparently also caused the respondents at least some difficulty. [emphasis added.]

Our case law requires that "the BIA ... provide an 'individualized analysis of how changed conditions will affect the specific petitioner's situation.'" *Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004) (quoting *Borja v. INS,* 175 F.3d 732, 738 (9th Cir. 1999) (en banc)). "'Information about general changes in the country is not sufficient.'" *Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002) (quoting *Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998)).

Here, the record contains only a State Department report on Iraq's pre-2003 human rights abuses, and some newspaper articles that do little more than describe Iraqis' reactions to the fall of the Hussein regime. Although these articles mention, for example, that some Iraqi–Americans are willing to return to Iraq because of the perceived security in the country, they also report that some Iraqi–Americans are "worried about the persistent danger."

At the hearing, the government called no witnesses, and its closing was a mere five sentences, two of which contained the basic observation that "country conditions have changed." The evidence presented during the hearing and submitted into the record does not provide overwhelming evidence of how the change in country conditions affected *these particular* Petitioners. Because the IJ stated the incorrect legal standard, we will not assume that he relied on this sparse record to conduct the necessary individualized analysis. Accordingly, we remand to the BIA "to assess whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination." *Lopez,* 366 F.3d at 807.

Because this error is sufficient to warrant a remand, we decline to reach the other issues presented in the petition for review. We do note, however, that "so much in Iraq has changed since [Petitioners'] final hearing" on July 17, 2003, only four months after Saddam Hussein was removed from power. *Hanna v. Keisler,* 506 F.3d 933, 939 (9th Cir.2007). While we do not necessarily order the taking of additional evidence, the Board may wish to consider whether Petitioners' fear of future persecution is objectively reasonable in light of current country conditions.

We **GRANT** the petition and **REMAND** to the BIA for further proceedings consistent with this disposition.